UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACE AMERICAN INSURANCE COMPANY, )
As subrogee of Inter-Ocean Maritime Corporation, )
                     Plaintiff, )  COMPLAINT
v.                                            )  AND
                                            )  JURY DEMAND
SYLVIA & WASHBURN, INC. and )
MATTHEW SYLVIA, )
                     Defendants. )

## PARTIES

1. ACE American Insurance Company ("ACE") is a Pennsylvania business corporation with a principal place of business at 436 Walnut St., Philadelphia, Pennsylvania 19106.

2. Sylvia & Washburn, Inc. ("Sylvia & Washburn") is a Massachusetts corporation with a principal place of business located at 131 West St., West Bridgewater, Massachusetts 02379.

3. Matthew Sylvia is a natural person with a residential address of 477 Hawes Street, New Bedford, MA 02745.

## JURISDICTION

4. This court has original subject matter over this action pursuant to 28 U.S.C. §1331, §1332 and §1333 as a case of admiralty or maritime jurisdiction and due to diversity of the parties.

5. The amount in controversy is $254,814.50 and thus exceeds $75,000.00.

## GENERAL ALLEGATIONS

6. At all times applicable hereto, Inter-Ocean Maritime Corporation ("Inter-Ocean"), a British Virgin Islands registered corporation, owned a sailing vessel, the Illusion (the "vessel").

7. At all times applicable hereto, the plaintiff ACE insured Inter-Ocean against property damage to its vessel and the vessel's mast, rigging and equipment pursuant to a policy of insurance.

8. At all times applicable hereto, the defendant Matthew Sylvia was an agent, servant, employee, director or officer of the defendant Sylvia & Washburn.

9. On or about May 19, 2012, the vessel was at the shipyard operated by the Fairhaven Shipyard Companies, Inc. in Fairhaven, Massachusetts.

10. On or about May 19, 2012, while at the shipyard, the vessel's mast was struck by a motor vehicle.

11. The motor vehicle was operated by the defendant Matthew Sylvia, or another agent, servant or employee of the defendant Sylvia & Washburn, on behalf of and while engaged in the business of the defendant Sylvia & Washburn.

12. The motor vehicle was registered to or owned by the defendant Sylvia & Washburn.

13. As a result of being struck by the motor vehicle, the mast, its rigging and equipment were damaged.

14. Inter-Ocean incurred costs and expenses to repair and/or replace the mast, its rigging and equipment.

15. Pursuant to its policy of insurance, the plaintiff ACE indemnified Inter-Ocean in the amount of $254,814.50 for its damages, costs and expenses.

**COUNT I**
**NEGLIGENCE**

16. The defendant Matthew Sylvia owed a duty to Inter-Ocean to operate the motor vehicle in a prudent and careful manner.

17. The defendant Matthew Sylvia breached that duty by operating the motor vehicle in a careless and negligent manner.

18. The breach of duty by the defendant Matthew Sylvia was the proximate cause of the motor vehicle striking the vessel's mast and all damages arising from that incident.

19. As a result of being struck by the motor vehicle, the mast, its rigging and equipment were damaged.

20. Inter-Ocean incurred costs and expenses to repair and/or replace the mast, its rigging and equipment.

21. Pursuant to its policy of insurance, the plaintiff ACE indemnified Inter-Ocean for its damages, costs and expenses.

22. The plaintiff ACE is subrogated to the rights of Inter-Ocean to recover against the defendants for Inter-Ocean's property damage by operation of law, by the terms of the policy of insurance and by assignment of those rights.

**WHEREFORE**, the plaintiff, ACE, demands judgment against the defendant, Matthew Sylvia, in the amount of $254,814.50, together with interest, costs, attorneys' fees and such other relief as is meet and just in the circumstances.

## COUNT II
## NEGLIGENCE – VICARIOUS LIABILITY

23. As the registered owner of the motor vehicle, the defendant Sylvia & Washburn is legally responsible for the conduct of the defendant Matthew Sylvia or any other person operating the motor vehicle.

24. As the principal or employer of the defendant Matthew Sylvia or any other operator of the motor vehicle, the defendant Sylvia & Washburn is vicariously liable for the negligent operation of the motor vehicle by its agent, servant or employee.

25. The negligent operation of the motor vehicle by an agent, servant or employee of the defendant Sylvia & Washburn was the proximate cause of the motor vehicle striking the vessel's mast and all damages arising from that incident.

26. As a result of the negligent operation of the motor vehicle by an agent, servant or employee of the defendant Sylvia & Washburn, the mast, its rigging and equipment were damaged.

27. Inter-Ocean incurred costs and expenses to repair and/or replace the mast, its rigging and equipment.

28. Pursuant to its policy of insurance, the plaintiff ACE indemnified Inter-Ocean for its damages, costs and expenses.

29. The plaintiff ACE is subrogated to the rights of Inter-Ocean to recover against the defendants for Inter-Ocean's property damage by operation of law, by the terms of the policy of insurance and by assignment of those rights.

**WHEREFORE**, the plaintiff, ACE, demands judgment against the defendant, Sylvia & Washburn, in the amount of $254,814.50, together with interest, costs, attorneys' fees and such other relief as is meet and just in the circumstances.

## JURY DEMAND

The plaintiff claims a trial by jury on all claims triable to a jury.

Respectfully submitted,
ACE American Insurance Company,
as subrogee of Inter-Ocean Maritime Corporation,
By its Attorney,

/s/ Paul F. Cavanaugh
_____
Paul F. Cavanaugh, MA BBO# 561158
Daly Cavanaugh LLP
27 Mica Lane, Suite 202
Wellesley, MA 02481-1741
Tel. (781) 237-0600
Fax.(781) 237-6010
pfc@dalylaw.com

Dated: 05/15/2015